```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRETT JOHNSON,

                Plaintiff,
                                        MEMORANDUM & ORDER
      -against-                         13-CV-6510(JS)(WDW)

NASSAU COUNTY; NASSAU COUNTY POLICE
DEPARTMENT 4th SQ; DETECTIVE JUAN
GIRON, Fourth Squad; DETECTIVE
ROBERT NEMETH, Fourth Squad; 18B
LEGAL SOCIETY, DAVID I. LEVINE,
Attorney at Law; NASSAU COUNTY
DETENTION CENTER; N.Y.C. POLICE
DEPT.; Precint [sic] 113; and
DETECTIVE JARRED TEPPERMAN,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Brett Johnson, pro se
                   13005639
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On November 18, 2013, incarcerated pro se plaintiff Brett Johnson ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County, the Nassau County Police Department's 4th Squad ("N.C.P.D."); Nassau County Detectives Juan Giron ("Det. Giron") and Robert Nemeth ("Det. Nemeth"); 18B Legal Aid Society ("Legal Aid"); David I. Levine ("Levine"); the Nassau County Detention Center ("N.C.D.C."); the N.Y.C. Police Dept., Precint [sic] 113 ("N.Y.P.D."); and N.Y. City Detective Jarred Tepperman ("Det. Tepperman" and collectively,

"Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED IN PART.

## BACKGROUND[1]

Plaintiff's Complaint includes five claims for relief. The first claim is alleged against Nassau County and, in its entirety, states: "Nassau County violated Plaintiff['s] constitutional rights by failing to release him upon his 180.80 date; Plaintiff was arrested at 11:39 AM July 31st and testified at the Grand Jury on August 7th at 4:00 PM well past the 144 hours allotted to the People." (Compl. at 4.[2]) Accordingly, Plaintiff seeks to recover a damages award of $100,000 for the County's "failure to release him on his 180.80 date and time." (Compl. at 8.)

Plaintiff's second claim alleges that the Nassau County

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] The page numbers for the Complaint are those generated by the Court's Electronic Filing System.

Police Department's Fourth Squad and Detectives Giron and Nemeth "violated Plaintiff[']s co[n]stitutional rights by threatening a medical secretary to give them [Plaintiff's] confidential medical records without proper authorization or a warrant . . . ." (Compl. at 4.) Plaintiff further alleges that Detectives Giron and Nemeth "falsely charged the Plaintiff with Burglary Charges causing Plaintiff a great deal of undue stress and pain and suffering." (Compl. at 4.) Accordingly, Plaintiff seeks to recover a damages award of "no less than $100,000" against the Nassau County Police Department. (Compl. at 8.)

Plaintiff's third claim alleges that "[t]he 18B Legal Aid Society and Attorney David I. Levine violated Plaintiff's constitutional right to competent representation at every stage of the case." (Compl. at 5.) Plaintiff claims that Levine filed a "frivolous omnibus motion" and should have "nipped the case in the bud in its outset, instead of allowing it to linger unattended." (Compl. at 4.) As a result, Plaintiff seeks to recover a "combined" damages award against Legal Aid and Levine of "no less than $100,000." (Compl. at 8.)

Plaintiff's fourth claim, against the N.C.D.C., alleges that the "law library is something from the 1960's" and "has been crippling my attemp[t]s to research and file timely motions." (Compl. at 6.) Accordingly, Plaintiff claims that the N.C.D.C. has "damaged" Plaintiff's "chances of being released by denying him

3

access to the courts and should be liable for no less than $50,000." (Compl. at 9.)

Finally, Plaintiff's fifth claim alleges that, on September 1, 2011, Plaintiff was arrested by Det. Tepperman "for no other reason th[a]n he's Black." (Compl. at 7.) According to Plaintiff, he was sitting "on a park bench while eating a Slim Jim, [when] Det. Jarred Tepperman jumped out of an unmarked car" and asked Plaintiff what he was eating. (Compl. at 7.) Plaintiff responded that it is "none of your business" and then Detective Tepperman arrested Plaintiff. (Compl. at 7.) As a result, Plaintiff claims to have suffered "mental anguish" and "a great deal of stress as well as over 100 day[s] in prison" for which Plaintiff seeks to recover a damages award against Det. Tepperman and the N.Y.P.D. of "no less than $100,000." (Compl. at 9.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>; <u>accord</u> <u>Wilson v. Merrill Lynch & Co.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

5

of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claims Against N.C.P.D., N.C.D.C., and N.Y.C.P.D.

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Thus, Plaintiff's claims against the N.C.P.D., the N.C.D.C. and the

6

N.Y.C.P.D. are not plausible because they have no legal identity separate and apart from Nassau County and are thus DISMISSED WITH PREJUDICE. See Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "'administrative arm' of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.") (additional citation omitted)); see also Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (dismissing claims against the Nassau County police department because "[t]he Police Department is an administrative arm of the County of Nassau."); East Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992) (stating that the City Police Department, as an agency of the City, is not a suable entity).

    B.   Claims Against Legal Aid and Levine

Plaintiff also names his court assigned criminal defense attorney Levine and Legal Aid as Defendants.[3] As noted earlier, a claim for relief under Section 1983 must allege facts sufficient to

---

[3] See People v. Johnson, No. 01401N/2013 (N.Y. Cnty., Nassau Cnty.), case details summary available at https://iapps.courts.state.ny.us/webcrim_attorney/Login.

establish that the defendant acted under color of state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983; Rae, 693 F. Supp. 2d at 223.  Thus, private attorneys, whether court appointed or employed by the Legal Aid Society, are generally not liable under Section 1983.[4]  See Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (citing Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979))); accord Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defenders do not act under color of state law); see also Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983.").  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citations omitted).  Given that Levine, an

---

[4] In limited circumstances not alleged here, private parties may act under color of state law "when the private actor 'is a willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)) (additional citation omitted).

8

attorney working with Legal Aid, is Plaintiff's defense counsel in the underlying state court criminal proceedings, he is not a state actor. Tucker v. Kennedy, 994 F. Supp. 412, 417 (E.D.N.Y. 1998). Similarly, since Legal Aid "is a private, not-for-profit legal services organization" (see http://www.legal-aid.org/en/las/aboutus/our_mission.aspx), it does not act under color of state law. Accordingly, Plaintiff's Section 1983 claims against Levine and Legal Aid are not plausible and are thus DISMISSED WITH PREJUDICE.

    C.   Claims Against Detectives Giron and Nemeth

        1.   False Arrest

Plaintiff claims to have been falsely arrested by Detectives Giron and Nemeth. (Compl. at 4.) It is well-established that "'[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause.'" Williams v. Town of Greenburgh, 535 F.3d 71, 78-79 (2d Cir. 2008) (quoting Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). Here, given that Plaintiff is awaiting trial on the charges stemming from the challenged arrest, he has not--and cannot--allege that the prosecution terminated in his favor.[5] A

---

[5] The docket report from the Nassau County Court for Plaintiff's underlying criminal case, People v. Johnson, Case No. 01401N/2013, reflects that Plaintiff pled not guilty and is incarcerated pending trial having not satisfied the bail conditions ordered at his August 8, 2013 arraignment. See https://iapps.courts.state.ny.us/webcrim_attorney/Login (last visited on December 3, 2013).

conviction would establish probable cause thereby negating his false arrest claims. Accordingly, Plaintiff's false arrest claims against Detectives Giron and Nemeth are hereby STAYED pending the outcome of Plaintiff's state court criminal proceedings. Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").[6]

    2.   Right to Privacy

Plaintiff also claims that Detectives Giron and Nemeth violated Plaintiff's constitutional rights when they allegedly "threaten[ed] a medical secretary to give them [Plaintiff's] confidential medical records." (Compl. at 4.) Though thin, it appears that Plaintiff seeks to allege the deprivation of his Fourteenth Amendment Due Process rights in connection with disclosure of Plaintiff's medical records.[7]

---

[6] Given that the statute of limitations for a Section 1983 false arrest claim begins to run at the time "legal process was initiated" against Plaintiff, the Court will stay this claim pending the conclusion of the underlying state court criminal proceedings rather than dismiss it without prejudice. Wallace, 549 U.S. at 390.

[7] It is far from clear whether Plaintiff's medical records were ever disclosed given that Plaintiff claims only that Detectives

10

It is well-established that the United States Constitution recognizes "a right to privacy protecting 'the individual interest in avoiding disclosure of personal matters.'" Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Doe v City of N.Y., 15 F.3d 264, 267 (2d Cir. 1994)). Although the Due Process Clause of the Fourteenth Amendment provides a limited right to privacy of medical information, the Second Circuit has made clear that "'the interest in the privacy of medical information will vary with the condition.'" Matson, 631 F.3d at 64 (quoting Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999)). Indeed, "[a] general medical determination or acknowledgment that a disease is serious does not give rise ispo facto to a constitutionally-protected privacy right." Matson, 631 F.3d at 65.

Given the vague allegations set forth in the Complaint, Plaintiff has not alleged a plausible Section 1983 claim arising from the possible disclosure of Plaintiff's medical records. Because the Second Circuit instructs that "'[s]ua sponte dismissal of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court,'" McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (quoting Moorish Sci. Temple of Am.

---

Giron and Nemeth "threaten[ed]" a medical secretary. Wholly absent are any allegations that the medical secretary yielded to the alleged threat.

Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)), the Court affords Plaintiff an opportunity to amend his Complaint in accordance with this Order.

    D.    Claims Against Nassau County

Liberally construed, Plaintiff appears to allege a deprivation of his constitutional right to: (1) due process insofar as he was allegedly held in excess of 144 hours in violation of N.Y. CRIM. PROC. LAW § 180.80; and (2) access to the court due to the allegedly inadequate law library and/or insufficient access to the law library at the N.C.D.C.

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received

formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359 (citations omitted); see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'"

13

(quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (additional citations omitted).)

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Moreover, insofar as Plaintiff complains that the N.C.D.C.'s law library is outdated and that he has been permitted only one hour per week of time in the law library while incarcerated in Nassau County, such claim as pled is implausible for the additional reason that Plaintiff has not alleged an actual injury. Rather, Plaintiff claims in conclusory fashion that he is being denied access to the courts since the "law library has been crippling my attemp[t]s to research and file timely motions." (Compl. at 6.)

The Supreme Court has held that the constitutional right of access to courts entitles prisoners to either "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). However, prisoners do not have "an abstract, freestanding right to a law library or legal assistance." See Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Rather, "'meaningful access to the courts is the touchstone.'" Id. (quoting Bounds, 430 U.S. at 823) (internal quotation marks omitted). In other words, a prisoner must "demonstrate that the

14

alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351; see also Pabon v. Wright, 459 F.3d 241, 251 (2d Cir. 2006) (citing Lewis, 518 U.S. at 351).  Thus, a prisoner must show "actual injury," Lewis, 518 U.S. at 349, in that "'the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim'--for example, by demonstrating that he has been unable to file a complaint or has had a complaint dismissed for failure to observe a technicality." Benjamin v. Fraser, 264 F.3d 175, 184 (2d Cir. 2001) (quoting Lewis, 518 U.S. at 351); see also Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997).

Here, as is readily apparent, Plaintiff has made no allegations regarding an actual injury he suffered due to the allegedly inadequate law library or insufficient access to the law library at the N.C.D.C.  Accordingly, he has failed to state a plausible claim for relief and dismissal is appropriate pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Accordingly, Plaintiff's Section 1983 claims against Nassau County are DISMISSED WITHOUT PREJUDICE.  Plaintiff is GRANTED leave to amend his claims against Nassau County in accordance with this Order.

  E. <u>Claim Against Det. Tepperman</u>

Plaintiff's claim against Det. Tepperman, though thin, shall proceed.  Accordingly, the Court ORDERS service of the

Summons, the Complaint, and this Order upon Det. Tepperman by the United States Marshals Service forthwith.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED. Plaintiff's claims against the N.C.P.D., the N.C.D.C., the N.Y.C.P.D., Legal Aid, and Levin are DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). Plaintiff's claims against Nassau County are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) and with leave to amend the Complaint. Plaintiff is GRANTED leave to file an Amended Complaint with respect to his due process and access to court claims against Nassau County no later than March 1, 2014. Any Amended Complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order, 13-CV-6510(JS)(WDW). Plaintiff's Amended Complaint will supercede his original Complaint. Therefore all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff fails to amend his Complaint within the time allotted and/or the Amended Complaint fails to correct the deficiencies of the Complaint, the Court shall dismiss Plaintiff's claim against Nassau County with prejudice.

Plaintiff's right to privacy claims against Det. Giron

and Det. Nemeth are DISMISSED WITHOUT PREJUDICE and with leave to amend the Complaint. Plaintiff is GRANTED leave to file an Amended Complaint with respect to these claims no later than March 1, 2014. Plaintiff's Amended Complaint will supercede his original Complaint. Therefore all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff fails to amend his Complaint within the time allotted and/or the Amended Complaint fails to correct the deficiencies of the Complaint, the Court shall dismiss Plaintiff's right to privacy claims against Det. Giron and Det. Nemeth with prejudice.

Plaintiff's false arrest claims against Det. Giron and Det. Nemeth are STAYED pending the resolution of Plaintiff's underlying criminal charges. Accordingly, Plaintiff shall notify the Court, in writing, within two (2) weeks of the conclusion of his state court criminal proceedings if he wishes to proceed with his false arrest claims if so warranted at that time.

The Clerk of the Court is directed to issue a Summons for Det. Tepperman and to forward the Summons, the Complaint, and this Order to the USMS for service upon Det. Tepperman.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum & Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   24  , 2014
       Central Islip, New York