```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRETT JOHNSON,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      13-CV-6510(JS)(WDW)

NASSAU COUNTY, DETECTIVE JUAN
GIRON, Fourth Squad; DETECTIVE
ROBERT NEMETH, Fourth Squad; and
DETECTIVE JARRED TEPPERMAN of the
113 Precinct,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Brett Johnson, pro se
                    13005639
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

On November 18, 2013, incarcerated pro se plaintiff Brett Johnson ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County, the Nassau County Police Department's 4th Squad ("N.C.P.D."); Nassau County Detectives Juan Giron ("Det. Giron") and Robert Nemeth ("Det. Nemeth"); 18B Legal Aid Society ("Legal Aid"); David I. Levine ("Levine"); the Nassau County Detention Center ("N.C.D.C."); the N.Y.C. Police Dept., Precint [sic] 113 ("N.Y.P.D."); and N.Y. City Detective Jarred Tepperman ("Det. Tepperman"), accompanied by an application to proceed in forma pauperis.

By Memorandum and Order dated January 24, 2014 (the

"Order"), the undersigned granted the application to proceed in forma pauperis, but sua sponte dismissed the pro se Complaint in part and with leave to file an Amended Complaint by March 1, 2014. The Order also stayed Plaintiff's false arrest claims against Det. Giron and Det. Nemeth pending the resolution of Plaintiff's underlying criminal charges and directed Plaintiff to notify the Court, in writing, within two (2) weeks of the conclusion of his state court criminal proceedings if he wished to proceed with his false arrest claims. The Order did not dismiss Plaintiff's claims against Det. Tepperman and directed the United States Marshal Service ("USMS") to serve copies of the Summons, Complaint, and the Order upon Det. Tepperman.

On February 24, 2014, Plaintiff timely filed an Amended Complaint against Nassau County, Det. Giron, Det. Nemeth, and Det. Tepperman. The Amended Complaint does not allege whether the state court criminal proceedings have concluded. Accordingly, the STAY of Plaintiff's false arrest claims against Det. Giron and Det. Nemeth CONTINUES pending the resolution of Plaintiff's underlying criminal charges and Plaintiff is again DIRECTED to notify the Court, in writing, within two (2) weeks of the conclusion of his state court criminal proceedings if he wishes to proceed with his false arrest claims, if so warranted at that time.

In addition, the Amended Complaint makes clear that the only information Det. Giron and Det. Nemeth received from the

secretary at Plaintiff's "therapy clinic" was his name (Am. Compl. at 5-7), rather than any "confidential medical records" as Plaintiff had originally alleged. (Compl. at 4.) Thus, Plaintiff has not alleged a plausible right to privacy claim under the Fourteenth Amendment's Due Process Clause in connection with the disclosure of any of Plaintiff's medical records. See, e.g., Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57 (2d Cir. 2011); Doe v City of N.Y., 15 F.3d 264 (2d Cir. 1994); see also Simon v. N.Y.C. Dep't of Corr., 12-CV-8624, 2013 WL 4792840, *2-3 (S.D.N.Y. Aug. 29, 2013) (holding that the incarcerated pro se plaintiff's allegation that his name was disclosed, rather than any information concerning his health or medical condition, was insufficient to state a plausible right to privacy claim under the Fourteenth Amendment). Accordingly, Plaintiff's right to privacy claims against Det. Giron and Det. Nemeth are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

With regard to Plaintiff's remaining claims alleged in the Amended Complaint, the Court declines to sua sponte dismiss them at this early juncture. Though thin, Plaintiff's remaining claims against Nassau County, Det. Giron, Det. Nemeth, and Det. Tepperman[1] shall proceed and the Clerk of the Court is ORDERED to

---

[1] The Amended Complaint repeats the allegations against Det. Tepperman. Indeed, the Amended Complaint states: "Plaintiff will leave Detective Jarred Tepperman Action the same being that he was ordered served." (Am. Compl. at 7.) The Amended Complaint then repeats, verbatim, the allegations against Det. Tepperman as were set forth in the Complaint. (Compl. at 7; Am. Compl. at 7-8.) (The page numbers for the Amended Complaint are those generated by the Court's Electronic Filing System).

3

issue Summonses to Nassau County, Det. Giron, and Det. Nemeth, and to forward copies of the Summmonses, the Amended Complaint, and this Order to the United States Marshal Service for service upon Nassau County, Det. Giron, and Det. Nemeth forthwith. Given the STAY, the time for Det. Giron and Det. Nemeth to respond to the false arrest claims alleged in the Amended Complaint is also STAYED until twenty (20) days from the date the stay is lifted by the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __2__, 2014
      Central Islip, New York